IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. TREVION MAURICE JONES, Defendant. | CR 20–32–BLG–SPW ORDER |

On January 31, 2023, Defendant Trevion Maurice Jones filed a motion to reduce his 70-month federal drug sentence under 18 U.S.C. § 3582(c)(1)(A). (Doc. 65; *see* Doc. 60 (Judg.).) His projected release date is October 5, 2024. *See* Inmate Locator, http://www.bop.gov/inmateloc (accessed June 21, 2023). On January 31, 2023, counsel was appointed to represent the defendant. (Doc. 66.) Appointed counsel filed an amended motion on May 19, 2023. (Doc. 72.) The government opposes. (Doc. 73.) For the reasons stated below, Jones's motion is denied.

1

ANALYSIS

The First Step Act gives district courts wide discretion to reduce an existing term of imprisonment so long as a defendant first seeks relief from the Bureau of Prisons and the reduction: (1) is consistent with the applicable policy statements of the Sentencing Commission, (2) takes into consideration the sentencing factors of 18 U.S.C. § 3553(a), and (3) is warranted by "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A)(i); *United States v. Keller*, 2 F.4th 1278, 1284 (9th Cir. 2021) (per curiam). Because the Sentencing Guidelines have not been updated since the First Step Act was passed, "the Sentencing Commission has not yet issued a policy statement 'applicable' to § 3582(c)(1)(A) motions filed by a defendant." *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021) (per curiam). Thus, this Court's decision turns on whether the defendant has presented extraordinary and compelling reasons for a reduction and whether that reduction comports with the objectives of § 3553(a). *See Keller*, 2 F.4th at 1284.

Here, Jones argues that the change in circumstance surrounding the care of his minor child is an extraordinary and compelling reason for compassionate release. While he is correct, Jones fails to show release is warranted under the § 3553(a) factors. Accordingly, his motion is denied.

I.   **Exhaustion of Administrative Remedies**

A defendant may only file a motion for compassionate release with the

district court once he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Here, Jones filed a request for relief with the warden at his facility on January 4, 2023. (*See* Doc. 65-1.) There is no indication from the record that the warden responded. It therefore appears Jones exhausted his administrative remedies as required by statute.

## II. Extraordinary and Compelling Reasons

While the First Step Act does not define "extraordinary and compelling reasons," the Sentencing Commission's nonbinding policy statements provide informative and illustrative examples of such reasons, including "[t]he death or incapacitation of the caregiver of the defendant's minor . . . children." USSG §1B1.13(1)(A)(ii), app. n. 1(C)(i).

Jones has sole custody of his 6-year-old child, TML. (*See* Docs. 72-2, 72-3.) Although TML was initially placed with Jones's mother for the duration of Jones's sentence, she died on December 1, 2022 from complications related to COVID-19. (*See* Doc. 72-1.) Jones's grandmother, Bernice Alexander, then took over care of TML. (*See* Doc. 72 at 6.) However, Alexander is elderly and in poor health so could not continue to care for TML. (*Id.*) TML now lives with Jones's cousin in

3

Las Vegas as a temporary placement, but the cousin "cannot provide long-term care." (*Id.*) According to Jones, "[t]here are no other family members who are able to provide long-term care for TML at this time." (*Id.*) The change in circumstances surrounding the care of Jones's minor child qualifies as an extraordinary and compelling reason warranting relief.[1]

### III. Section 3553(a) Factors

Nevertheless, demonstrating an extraordinary and compelling reason to reduce a sentence meets only one element of § 3582(c)(1)(A). To determine whether relief is appropriate, a court must also consider the federal sentencing objectives set forth in 18 U.S.C. § 3553(a). Pertinent factors include the "nature and circumstances of the offense and the history and characteristics of the defendant," the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," to deter criminal conduct and protect the public, and to provide effective correctional treatment, including education or vocational training and medical care. *See* 18 U.S.C. § 3553(a)(1), (2). Courts may also consider the advisory guideline range and the need to "avoid unwarranted sentencing disparities" among similarly situated defendants. *See id.* § 3553(a)(4), (6).

---

[1] Thus, the Court does not reach Jones's undeveloped argument that the Bureau of Prisons is unable to accommodate his medical condition. (*See* Doc. 65-1.)

In April 2020, Jones was involved in the trafficking of methamphetamine in Billings, Montana. Specifically, law enforcement intercepted a package containing 3,717.7 grams of methamphetamine that was sent to Jones from California. (PSR ¶¶ 8–13.) Investigators subsequently searched Jones's residence, discovering an additional 106 grams of suspected methamphetamine, a digital scale, approximately 400 grams of marijuana, a cellphone, and approximately $12,000 in cash. (PSR ¶ 13.) TML, then three-years old, was present at the time. (PSR ¶¶ 13, 52.) Messages found on Jones's cellphone were indicative of drug distribution. (PSR ¶ 13.) Jones was ultimately held responsible for 2,094.6 grams of actual methamphetamine. (PSR ¶ 14.) Jones's criminal history includes firearm offenses, drug distribution, and witness tampering, (PSR ¶¶ 31–37.)

With a total offense level of 33 and with a criminal history category of IV, Jones's advisory Guideline range was 188 to 235 months. (PSR ¶ 66.) Nevertheless, Jones received a sentence of 70 months pursuant to a binding plea agreement. (*See* Doc. 53.) His existing sentence therefore already reflects a favorable consideration of his criminal history, his willingness to pursue treatment, his health concerns, and his parenting responsibilities. Put simply, Jones's sentence was the lowest it could be in light of his conduct. Reducing Jones's sentence to the approximately 37 months he has served to date would denigrate the seriousness of his crimes and undermine respect for the law. *See* 18 U.S.C.

§ 3553(a)(2)(A)–(C).

## CONCLUSION

Accordingly, IT IS ORDERED that the defendant's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) (Docs. 65, 72) is DENIED.

DATED this 26th day of June, 2023.

Susan P. Watters, District Judge
United States District Court