IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> TREVION MAURICE JONES, <br><br> Defendant. | CR 20–32–BLG–SPW <br><br> ORDER |

On March 4, 2024, Defendant Trevion Maurice Jones filed a second motion under 18 U.S.C. § 3582(c)(1)(A) to reduce his 70-month federal drug sentence. (Docs. 76, 81, 82; *see* Doc. 60 (Judg.).) His projected release date is June 17, 2024. *See* Inmate Locator, http://www.bop.gov/inmateloc (accessed April 8, 2024). Although Jones unsuccessfully sought the same relief in June 2023, (*see* Doc. 75), his health condition has since declined, (*see* Docs. 82, 83), and the government does not oppose the present motion "[c]onsidering his drastic change in health." (Doc. 84.) Accordingly, Jones' motion for early release is granted.

## ANALYSIS

The First Step Act gives district courts wide discretion to reduce an existing term of imprisonment so long as a defendant first seeks relief from the Bureau of Prisons and the reduction: (1) is consistent with the applicable policy statements of

1

the Sentencing Commission, (2) takes into consideration the sentencing factors of 18 U.S.C. § 3553(a), and (3) is warranted by "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A)(i); *United States v. Keller*, 2 F.4th 1278, 1284 (9th Cir. 2021) (per curiam).

Here, Jones argues that the dramatic decline in his medical condition both qualifies as an extraordinary and compelling reason for early release and tips the scales under the § 3553(a) factors in favor of release. The government agrees. (*See* Doc. 84.) Accordingly, Jones' motion is granted.

## I. Exhaustion of Administrative Remedies

A defendant may only file a motion for compassionate release with the district court once he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Here, Jones filed a request for relief with the warden at his facility in September 2023, (*see* Doc. 82-1), and there is no indication from the record that the warden issued a final decision. Jones has exhausted his administrative remedies as required by statute.

## II. Extraordinary and Compelling Reasons

While the First Step Act does not define "extraordinary and compelling reasons," the Sentencing Commission provides explicit examples of such

2

circumstances. *See* USSG §1B1.13. Relevant here, extraordinary and compelling reasons exist if "[t]he defendant is . . . suffering from a serious physical or medical condition . . . [or] experiencing deteriorating physical or mental health because of the aging process . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." §1B1.13(b)(1)(B). Such reasons also include if "[t]he defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death." §1B1.13(b)(1)(C). Finally, a catchall provision provides for such "other circumstances or combination of circumstances" that are cumulatively of a similar gravity to those enumerated above. *See* §1B1.13(b)(5).

In August 2023, Jones experienced a massive cardiac failure and that has been followed with cascading medical problems. (*See* Doc. 82 at 8 (discussing medical records).) He is not a candidate for transplant and his impaired renal function severely limits his available treatments. (*Id.*) Jones has been repeatedly hospitalized, (*see id.* at 13–14), and has an estimated life expectancy of 3 to 18 months, (*id.* at 9–10). Jones' rapidly declining health constitutes a serious medical condition from which he is not expected to recover and for which he cannot be adequately treated in prison. He has therefore shown extraordinary and compelling

3

reasons justifying early release.

### III. Section 3553(a) Factors

Nevertheless, demonstrating an extraordinary and compelling reason to reduce a sentence meets only one element of § 3582(c)(1)(A). To determine whether relief is appropriate, a court must also consider the federal sentencing objectives set forth in 18 U.S.C. § 3553(a). Pertinent factors include the "nature and circumstances of the offense and the history and characteristics of the defendant," the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," to deter criminal conduct and protect the public, and to provide effective correctional treatment, including education or vocational training and medical care. *See* 18 U.S.C. § 3553(a)(1), (2). Courts may also consider the advisory guideline range and the need to "avoid unwarranted sentencing disparities" among similarly situated defendants. *See id.* § 3553(a)(4), (6).

In April 2020, Jones was involved in the trafficking of methamphetamine in Billings, Montana. Specifically, law enforcement intercepted a package containing 3,717.7 grams of methamphetamine that was sent to Jones from California. (PSR ¶¶ 9–14.) Investigators subsequently searched Jones's residence, discovering an additional 106 grams of suspected methamphetamine, a digital scale, approximately 400 grams of marijuana, a cellphone, and approximately $12,000 in

4

cash. (PSR ¶ 13.) Jones was ultimately held responsible for 2,094.6 grams of actual methamphetamine. (PSR ¶ 14.) Jones's criminal history includes firearm offenses, drug distribution, and witness tampering. (PSR ¶¶ 31–37.)

With a total offense level of 33 and with a criminal history category of IV, Jones's advisory Guideline range was 188 to 235 months. (PSR ¶ 66.) Nevertheless, Jones received a sentence of 70 months pursuant to a binding plea agreement. (*See* Doc. 53.) Jones has served most of that time, as he is set to be released in approximately two months. While he has not yet completed RDAP, (*see* Doc. 82 at 18), with his serious medical condition, he is unlikely to live much longer and does not pose a danger to the community. Accordingly, § 3553(a) supports early release.

## CONCLUSION

Accordingly, IT IS ORDERED:

1. Jones' motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) (Doc. 82) is GRANTED.

2. As of the date of this Order, Jones' custodial sentence is REDUCED to time served.

3. This Order is STAYED for up to 21 days to allow the United States Probation Office time to verify Jones' residence and establish a release plan; to make appropriate travel arrangements; and to ensure Jones' safe release.

4. Jones shall be released as soon as a residence is verified, a release plan is established, and appropriate travel arrangements are made.

5. If more than 21 days are needed to accomplish Jones' release, the United States must so notify the Court and demonstrate good cause why the stay of this Order should be extended.

6. The United States Probation Office shall review Jones' conditions of supervised release. If modifications are needed, the Probation Office shall notify the Federal Defenders of Montana. Counsel will be appointed to represent Jones.

7. Jones must provide the Court with the complete address where he will reside upon release.

DATED this 8th day of April, 2024.

Susan P. Watters, District Judge
United States District Court